# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

J. JESUS MUNOZ

    Plaintiff,

v.　　　　　　　　　　　　　　　　Case No. 07-CV-10515

COMMISSIONER OF　　　　　　　　　DISTRICT JUDGE ROBERT H. CLELAND
SOCIAL SECURITY,　　　　　　　　　MAGISTRATE JUDGE CHARLES E. BINDER

    Defendant.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

## I.  RECOMMENDATION

In light of the entire record in this case, I suggest that substantial evidence supports the Commissioner's determination that Plaintiff is not disabled. Accordingly, **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **DENIED**, that Defendant's Motion for Summary Judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

---

[1]The format and style of this Report and Recommendation are intended to comply with the requirements of the E-Government Act of 2002, Pub. L. 107-347, 116 Stat. 2899 (Dec. 17, 2002), the recently amended provisions of Fed. R. Civ. P. 5.2(c)(2)(B), E. D. Mich. Administrative Order 07-AO-030, and guidance promulgated by the Administrative Office of the United States Courts found at: http://jnet.ao.dcn/img/assets/5710/dir7-108.pdf. This Report and Recommendation is issued only to address the matters at issue in this case and is not intended for publication in an official reporter or to serve as precedent.

## II. REPORT

### A. Introduction and Procedural History

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case was referred to this Magistrate Judge for the purpose of reviewing the Commissioner's decision denying Plaintiff's claim for disability insurance benefits. This matter is currently before the Court on Defendant's motion for summary judgment. (Dkt. 8, 16.)

Plaintiff was 53 years of age at the time of the administrative hearing. (Tr. at 296.) He has a high school education. (Tr. at 299.) Plaintiff's relevant work history includes approximately 30 work for General Motors at various production jobs, including assembler and "tugger" driver. (Tr. at 55.)

Plaintiff filed the instant claim on December 19, 2003, alleging that he became unable to work on May 6, 2003. (Tr. at 42.) The claim was denied at the initial administrative stages. (Tr. at 23-28.) In denying Plaintiff's claim, the Defendant Commissioner considered degenerative disc disease as a possible basis of disability. (*Id.*) On March 13, 2006, Plaintiff appeared before Administrative Law Judge ("ALJ") John Belcher who considered the case *de novo*. In a decision dated July 5, 2006, the ALJ found that Plaintiff was not disabled. (Tr. at 13-22.) Plaintiff requested a review of this decision on August 10, 2006. (Tr. at 9-12.)

The ALJ's decision became the final decision of the Commissioner on January 12, 2007, when the Appeals Council denied Plaintiff's request for review. (Tr. at 4-6.) On February 2, 2007, Plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision. (Dkt. 1.)

### B. Standard of Review

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner's decision employed the proper legal standards. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (per curiam). The Commissioner is charged with finding the facts relevant to an application for disability benefits. A federal court "may not try the case *de novo* . . . ." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

If supported by substantial evidence, the Commissioner's decision is conclusive, regardless of whether the court would resolve disputed issues of fact differently, *Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028 (6th Cir. 1990), and even if substantial evidence would also have supported a finding other than that made by the ALJ. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). The scope of the court's review is limited to an examination of the record only. *Brainard,* 889 F.2d at 681. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 681 (citing *Consolidated Edison Co. v. NLFB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 2d 126 (1938)). The substantial evidence standard "'presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference from the courts.'" *Mullen*, 800 F.2d at 545 (quoting *Baker v. Heckler*, 730 F.2d 1147, 1149 (8th Cir. 1984)) (affirming the ALJ's decision to deny benefits because, despite ambiguity in the record, substantial evidence supported the ALJ's conclusion).

The administrative law judge, upon whom the Commissioner and the reviewing court rely for fact finding, need not respond in his or her decision to every item raised, but need only write to support his or her decision. *Newton v. Sec'y of Health & Human Servs.*, No. 91-6474, 1992 WL 162557 (6th Cir. July 13, 1992). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). There is no requirement, however, that either the ALJ or the reviewing court discuss every piece of evidence in the administrative record. *Anderson v. Bowen*, 868 F.2d 921, 924 (7th Cir. 1989) ("a written evaluation of every piece of testimony and submitted evidence is not required"); *Walker v. Bowen*, 834 F.2d 635, 643 (7th Cir. 1987) (ALJ need only articulate his rationale sufficiently to allow meaningful review). Significantly, under this standard, a reviewing court is not to resolve conflicts in the evidence and may not decide questions of credibility. *Garner,* 745 F.2d at 387-88.

### C. Governing Law

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims and the judiciary merely reviews the determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination which can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137, 142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen*, 800 F.2d at 537.

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994). "[B]enefits are available only to those individuals who can establish 'disability' within the terms of the Social Security Act." *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). One is thus under a disability "only if his physical or mental . . . impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 1382c(a)(3)(B).

A claimant must meet all five parts of the test set forth in 20 C.F.R. § 404.1520 in order to receive disability benefits from Social Security. The test is as follows:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments, benefits are denied without further analysis.
>
> Step Three: If the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled without further analysis.
>
> Step Four: If the claimant is able to perform his or her previous work, benefits are denied without further analysis.
>
> Step Five: If the claimant is able to perform other work in the national economy, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§ 404.1520, 416.920. *See also Garcia v. Sec'y of Health & Human Servs.*, 46 F.3d 552, 554 n.2 (6th Cir. 1995); *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th

Cir. 1994); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990); *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 687-88 (6th Cir. 1985). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Preslar*, 14 F.3d at 1110. "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [Commissioner]." *Id.* "Step five requires the [Commissioner] to show that the claimant is able to do other work available in the national economy. . . ." *Id.*

### D. Administrative Record

Evidence contained in the administrative record and presented to the ALJ indicates that in April and May 2003, Plaintiff underwent physical therapy. (Tr. at 107-116.) In mid June 2003, Plaintiff underwent electromyographic studies. (Tr. at 118.) During 2003, Plaintiff was also seen on a regular basis by Dr. Packer, M.D. (Tr. at 128-141.) Plaintiff also underwent a CT scan conducted at Dr. Packer's request. (Tr. at 126-127.) In June August and September seen at the request of Dr. Packer by Dr. Schinco, M.D. (Tr. at 120-123.) Between August 2003 and January 2004, Plaintiff was seen in the Great Lakes Pain Consultants. (Tr. at 149-154.)

In late April 2004 Plaintiff underwent a psychological examination conducted at the request of the Disability Determination Service by Dr. Margaret Caponne, Ph.D, and a physical examination conducted by Dr. Hendricks, D.O. (Tr. at 155-158, 161-163.) In 2004 and 2005, Plaintiff was regularly seen by Dr. Gavin Awerbuch, M.D. (Tr. at 198-227.) During this time, Plaintiff underwent CT and MRI scans along with electromyographic studies conducted by the doctor, or at his request. (Tr. at 205-213, 217-219.) In mid-December 2004, Plaintiff underwent the surgical repair of a torn right rotator cuff performed by Dr. de Bari, and was thereafter regularly seen by the doctor. (Tr. at 240-245, 251-260, 284-292.) In 2005, Plaintiff was also seen by Dr. Nagarkar, M.D. (Tr. at 265-266, 272-283.)

### E. ALJ's Findings

The ALJ applied the Commissioner's five-step disability analysis to Plaintiff's claim and found at step one that Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability. (Tr. at 18.) At step two, the ALJ found that Plaintiff's impairments were "severe" within the meaning of the second sequential step. (*Id.*) At step three, the ALJ found no evidence that Plaintiff's combination of impairments met or equaled one of the listings in the regulations. (*Id.*) At step four, after concluding that the Plaintiff had the residual functional capacity for a range of light exertion work , the ALJ found that Plaintiff could return to his previous work as an assembler. (Tr. at 20-21.) As a result, the ALJ did not proceed to step five of the Commissioner's disability analysis.

### F. Review of ALJ's Determination

#### 1. Legal Standards

In reaching his determination of nondisability, the ALJ concluded that plaintiff was capable of undertaking light work. Light work is defined by the Commissioner as follows:

> Light Work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

The Commissioner has also ruled that:

> The major difference between sedentary and light work is that most light jobs -- particularly those at the unskilled level of complexity -- require a person to be standing or walking most of the workday. Another important difference is that the

frequent lifting or carrying of objects weighing up to 10 pounds (which is required for the full range of light work) implies that the worker is able to do occasional bending of the stooping type; i.e., for no more than one-third of the workday to bend the body downward and forward by bending the spine at the waist. Unlike unskilled sedentary work, many unskilled light jobs do not entail fine use of the fingers. Rather, they require gross use of the hands to grasp, hold and turn objects.

SSR 83-14.

After review of the record, I suggest that the ALJ utilized the proper legal standard in his application of the Commissioner's five-step disability analysis to Plaintiff's claim. I turn next to the consideration of whether or not substantial evidence supports the ALJ's decision.

## 2. Substantial Evidence

Plaintiff argues that substantial evidence fails to support the findings of the Commissioner. In this circuit, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker,* 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Mullen,* 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

As mentioned, the ALJ concluded that Plaintiff had the ability to return to his prior work. This finding ended the ALJ's disability inquiry because Plaintiff could not make out a prima facie showing of disability as he could return to his previous work. Step Four "necessarily entails a comparison of the physical demands of the claimant's past relevant work with [his] present mental and physical capacity." *Veal v. Bowen*, 833 F.2d 693, 697 (6th Cir. 1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). The Commissioner's regulations state:

> If you can do your previous work (your usual work or other applicable past work), we will determine that you are not disabled. However, if your residual functional capacity is not enough to enable you to do any of your previous work, we must still decide if you can do any other work. . . .

20 C.F.R. § 404.1561.

In *Studaway v. Sec'y of Health & Human Servs.*, 815 F.2d 1074 (6th Cir. 1987), the Sixth Circuit clarified the standard of proof necessary for a showing that a social security benefits claimant is unable to return to former work:

> Rather, the Act requires that he show that his impairments are so severe that he is "unable to do his previous work. . . ." 42 U.S.C. § 423(d)(2)(A). He must prove "an inability to return to his former <u>type</u> of work and not just to his former job." *Villa v. Heckler*, 797 F.2d 794, 798 (9th Cir. 1986) (emphasis in original). *See also Gray v. Heckler*, 760 F.2d 369, 273 (1st Cir. 1985); *De Loatche v. Heckler*, 715 F.2d 148, 151 (4th Cir. 1983); *Jock*, 651 F.2d at 135.

*Studaway*, 815 F.2d at 1076.

The Court affirmed the denial of benefits concluding: "Because the relevant inquiry is whether *Studaway* could return to his past type of work rather than his past job, we are compelled to affirm." (*Id.*)

In determining the level of exertion required by prior work, the ALJ may normally look to the job descriptions contained in the <u>Dictionary of Occupational Titles</u>. *De Loatche v. Heckler*, 715 F.2d 148 (4th Cir. 1983). However, the job categories of the Dictionary may be overcome by evidence demonstrating that the particular duties of plaintiff's prior work were not those envisioned by the framers of the Dictionary. *Carter v. Sec'y of Health & Human Servs.*, 834 F.2d 97 (6th Cir. 1987). In documents accompanying his application, Plaintiff reported that his prior assembler work could be done either sitting or standing. (Tr. at 57.) Plaintiff stated that this work required lifting no more than 20 pounds and walking short distances of approximately 5 feet. (*Id.*)

Although there is a body of evidence to the contrary (Tr. at 107, 118, 120, 126, 130, 136, 149, 201, 207, 217, 223-224, 251), under the standards outlined above, I am forced to conclude that substantial evidence supports the ALJ's findings. As to Plaintiff's claim of disabling physical

impairments, I note that a physician's assistant reported in March of 2003 that muscle spasms along the left side of Plaintiff's back were improving. (Tr. at 143.) X-rays of Plaintiff's thoracic spine taken in April of 2003 were normal. (Tr. at 142.) X-rays of Plaintiff's lumbosacral spine taken in May of 2003 showed only mild degenerative changes with no evidence of instability or definite degenerative disc disease. (Tr. at 139.) In May and September of 2003, Dr. Packer reported that range of motion in Plaintiffs extremities was normal and that straight leg raising tests were negative to 90° although there was some tightness in Plaintiff's hamstring muscles. (Tr. at 131, 140.) Electromyographic studies conducted in March of 2004 by Dr. Awerbuch indicated only mild bilateral carpal tunnel syndrome. (Tr. at 216.) An MRI of Plaintiff's thoracic spine performed in April of 2004 at the request of Dr. Awerbuch indicated only small degenerative changes. (Tr. at 203.) Ultrasound examination of Plaintiff's lumbar spine in June of 2004 indicated no definite masses or other abnormalities. (Tr. at 200.) X-rays taken at the request of Dr. Awerbuch in July of 2004 again showed only mild degenerative changes. (Tr. at 198.) An MRI of Plaintiff's lumbar spine conducted at the request of Dr. Awerbuch in March of 2005 again indicated only mild degenerative changes with no evidence of disc herniation. (Tr. at 220.) In the same month, Plaintiff reported to a Physician's Assistant working with Dr. de Bari that range of motion in his shoulder was much improved. (Tr. at 252.) Importantly, in early 2006, of Drs. Awerbuch and de Bari both completed Medical Source Statements, which I suggest are not inconsistent with the ALJ's residual functional capacity finding. (Tr. at 269-270.) In that same month, Dr. de Bari reported that Plaintiff had all but approximately 20° of range of motion in his right shoulder and that "[r]ange of motion seems to be okay." (Tr. at 284.)

A vocational expert ("VE") testified at the administrative hearing. In response to a hypothetical question from the ALJ presuming limitations consistent with the Commissioner's

definition of light work, the VE stated that Plaintiff could return to his prior assembler work (Tr. at 315-316.) In light of the medical evidence discussed earlier, I suggest that the VE's opinion can properly be considered substantial evidence supporting the ALJ's findings. *See Sias v. Sec'y of Health & Human Servs.*, 861 F.2d 475, 481 (6th Cir. 1988); *Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 927-28 (6th Cir. 1987); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).

Counsel for Plaintiff points to a portion of the ALJ's Decision in which his prior work is described as sedentary. (*see* Tr. at 21.) From review of the VE's testimony (Tr. at 314-316,) as well as the Decision as a whole, I suggest that this mischaracterization borders on clerical error, and is insufficient to overturn the Decision, since throughout the remainder of the Decision, the ALJ consistently refers to Plaintiff's prior work as light in exertion. I further suggest that the opinion of Dr. Awerbuch pertaining to Plaintiff's ability to work for General Motors, (Tr. at 224) is not controlling, as it is a vocational opinion, outside the scope of the Doctor's expertise. *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1234-1235 (6th Cir. 1993)

As to Plaintiff's claims of disabling mental impairments, the evidence in this case falls considerably short of that deemed sufficient in this circuit to justify a finding of disability. *See Cornette v. Sec'y of Health & Human Servs.*, 869 F.2d 260 (6th Cir. 1988); *Lankford v. Sullivan*, 942 F.2d 301 (6th Cir. 1991); *see also Walker v. Sec'y of Health & Human Servs.*, 980 F.2d 1066, 1068 (6th Cir. 1992). In addition, it is the law of this circuit that a claimant must meet all criteria of a listing in order to be deemed disabled on the basis of the medical evidence alone. *Young v Sec'y of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990). In light of Plaintiff's own recitations of his activities, (Tr. at 66-68, 75-77) I suggest that the ALJ did not err when he failed

to give the medical source statements of Dr. Nakarkar and Mr. Roethke (Tr. at 267-268) controlling weight.

Accordingly, I suggest that the record contains substantial evidence supporting the ALJ's decision and, therefore, after review of the record, I conclude that the ALJ's decision, which ultimately became the final decision of the Commissioner, is within that "zone of choice within which decisionmakers may go either way without interference from the courts." *Mullen*, 800 F.2d at 545.

### III. <u>**REVIEW**</u>

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n. of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with the

objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

                                             s/ *Charles E. Binder*
                                             CHARLES E. BINDER
Dated: December 28, 2007                  United States Magistrate Judge

## **CERTIFICATION**

       I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Janet Parker, Mikel Lupisella, and the Commissioner of Social Security, and on District Judge Robert H. Cleland in the traditional manner.

Date: December 28, 2007                 By     s/Patricia T. Morris
                                                           Law Clerk to Magistrate Judge Binder